UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT FLEMING,<br><br>        Petitioner,<br><br>   -against-<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>        Respondent. | 20-CV-11130 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

  Petitioner, proceeding *pro se*, originally filed this submission, which he styles as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a), in his closed *habeas corpus* action assigned to Judge Louis L. Stanton, *Fleming v. Attorney General of the State of New York*, No. 20-CV-6026 (S.D.N.Y. Nov. 25, 2020). By order dated December 23, 2020, Judge Stanton construed Petitioner's application as a petition for a writ of *habeas corpus* under § 2254, seeking release based on the risk of serious harm to Petitioner from COVID-19, and directed the Clerk of Court to open the petition as a new civil action under a new docket number.[1] Judge Stanton's order was also docketed in this new action. (*See* ECF No. 2.) To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

---

[1] Judge Stanton's order also instructed Petitioner that if he does not want to pursue relief under § 2254, he must notify the Court in writing within 30 days that he wishes to withdraw the application. By order dated January 28, 2021, the Court granted Petitioner's request for a 30-day extension to notify the Court if he wishes to withdraw the application.

Petitioner submitted the petition without the filing fee or an IFP application. If Petitioner chooses to pursue relief under § 2254, within thirty days of the date of this order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 20-CV-11130 (CM). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 28, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge