UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT FLEMING,

                    Petitioner,

          -against-

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                    Respondent.

---

20-CV-11130 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated in Five Points Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, seeking release based on the serious risk of harm to him from contracting COVID-19. Petitioner is currently serving two consecutive terms of 25 years' to life imprisonment arising from his September 4, 2013 Bronx County murder convictions. *People v. Fleming*, 141 A.D.3d 408, 408 (2016) (affirming conviction), *lv. denied*, 28 N.Y.3d 1027 (2016), *recon. denied*, 28 N.Y.3d 1124 (2016). By order dated April 14, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court directs Petitioner to file a declaration within 60 days of the date of this order showing cause why this application should not be denied without prejudice for failure to exhaust his state-court remedies.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner originally filed this petition, which he styles as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a), in his closed *habeas corpus* action assigned to Judge Louis L. Stanton, *Fleming v. Attorney General of the State of New York*, No. 20-CV-6026 (S.D.N.Y. Nov. 25, 2020).[1] By order dated December 23, 2020, Judge Stanton construed Petitioner's application as a petition for a writ of *habeas corpus* under § 2254, seeking release based on the risk of serious harm to Petitioner from COVID-19, and directed the Clerk of Court to open the petition as a new civil action under a new docket number.[2] (*See* ECF 2.)

---

[1] In *Fleming*, No. 20-CV-6026, Judge Stanton denied as time-barred Petitioner's *habeas* challenge to his 2013 Bronx County conviction in connection with the sale of crack cocaine in October 2008. ECF 1:20-CV-6026, 12 (S.D.N.Y. Nov. 25, 2020).

Petitioner also has a pending § 2254 petition challenging his 2013 Bronx County murder convictions. *See Fleming v. Noeth*, ECF 1:17-CV-9104, 60 (LGS) (DCF) (S.D.N.Y.).

[2] In directing that Petitioner's submission be construed as a petition under § 2254 and opened as a new action, Judge Stanton noted that, because Petitioner is in custody pursuant to a state-court judgment, § 3582(c)(1)(a) did not apply to him, and because his action under that docket number was closed, Petitioner could not seek further relief in that action. (ECF 2.) Judge Stanton's order also directed that, if Petitioner does not wish to pursue relief under § 2254, he must notify the Court in writing that he wishes to withdraw the application. (*Id.* at 2.) By order dated January 28, 2021, then-Chief Judge Colleen McMahon granted Petitioner an extension of time to notify the Court of his intentions. (ECF 5.) On March 18, 2021, the Court received a letter from Petitioner confirming that he wishes to pursue relief under § 2254. (ECF 7.)

The following allegations are taken from the petition, which is difficult to read and not a model of clarity. On April 6, 2020, Petitioner suffered a severe asthma attack, and on April 8, 2020, he tested positive for COVID-19. (ECF 1, at 2.) On April 10, 2020, Petitioner had a heart attack, after which doctors diagnosed him as suffering from degenerative heart disease. (*Id.*) Petitioner also alleges that he has been HIV-positive for 40 years. (*Id.* at 2-3.) At Five Points, Petitioner is required to live in a congregate living environment, where he is double bunked with another high-risk inmate. (*Id.* at 3.)

Petitioner asks that his sentence be reduced to time-served, and that he be immediately released from custody. (*Id.* at 5.)

## DISCUSSION

### I.    Exhaustion of State Court Remedies

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues arising from a conviction for purpose of *habeas corpus* review, a petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely

affect the petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964).

Where a claim – such as the claim Petitioner raises here –  is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record, a petitioner may exhaust the claim by raising it in a collateral post-conviction motion, such a motion under N.Y. Crim. P. L. § 440.10 or a petition for a writ of *habeas corpus* filed with the state trial court or the Appellate Division, followed by an appeal from any denial of relief. *See Elleby v. Smith*, ECF 1:20-CV-2935, 12, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (citing *Olsen v. Doldo*, No. 16-CV-5366, 2020 WL 685707, at *16 (S.D.N.Y. Jan. 2, 2020), *report and recommendation adopted*, No. 16-CV-5366, 2020 WL 635605 (S.D.N.Y. Feb. 11, 2020)).

Here, Petitioner does not allege that he has exhausted his COVID-related claims in state court. Rather, he states that he sent a "request to the superintendent c/o warden" at Five Points but did not receive a response. (ECF 1, at 2.) Petitioner asserts that the "exhaustion administrative process" is therefore "both futile and inadequate." (*Id.*)

A federal court may grant a petitioner's unexhausted petition for *habeas* relief if: (1) "there is an absence of available State corrective process"; or (2) "circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In other words, exhaustion is not required "[w]here there is no further state proceeding for petition to pursue," or "where further pursuit would be futile." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (citations omitted).

Neither of the exceptions to the exhaustion requirement appears to apply to Petitioner. First, state court collateral review proceedings are available to Petitioner, as "his COVID-19-related claims are not based on the trial record and thus did not have to be raised on direct

review." *Elleby*, ECF 1:20-CV-2935, 12, 2020 WL 2611921, at *4. Further, despite his assertions to the contrary, Petitioner has not demonstrated that pursuit of his claims in state court would be futile. In fact, many prisoners have successfully pursued the same relief Petitioner seeks – release due to pandemic conditions – in New York State Supreme Court. *See Elleby*, ECF 1:20-CV-2935, 17, 2020 WL 4058957, at *1 (S.D.N.Y. July 20, 2020) (noting "justices of the New York Supreme Court have heard – and granted – many petitions related to the impact of COVID-19 on conditions of confinement"); *see also Cobb v. Wolcott*, No. 20-CV-0496 (JLS), 2020 WL 3470166, at *3 (W.D.N.Y. June 25, 2020) (noting "[c]ourts across New York State have considered, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic" and collecting cases).

## II.   Leave to File Declaration

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this petition should not be denied without prejudice for failure to exhaust. If Petitioner files a declaration, he must detail the steps he has taken to exhaust his claims fully in the New York courts.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within 60 days of the date of this order showing why the Court should not deny the petition for failure to exhaust. A declaration form is attached to this order. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition, without prejudice, as prematurely filed. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

5

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 19, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                              Case No. _____ CV _____

               -against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address | City          State          Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |