UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT FLEMING,

                Petitioner,

-against-

THE ATTORNEY GENERAL OF THE STATE OF NEW YORK,

                Respondent.

20-CV-11130 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in Five Points Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, seeking release based on the serious risk of harm to him from contracting COVID-19.[1] Petitioner is currently serving two consecutive terms of 25 years' to life imprisonment arising from his September 4, 2013 Bronx County murder convictions. *People v. Fleming*, 141 A.D.3d 408, 408 (2016) (affirming conviction), *lv. denied*, 28 N.Y.3d 1027 (2016), *recon. denied*, 28 N.Y.3d 1124 (2016).[2]

By order dated April 19, 2021, the Court directed Petitioner to file a declaration showing cause why the Court should not deny the petition without prejudice for failure to exhaust. (ECF

---

[1] Petitioner originally filed this petition, which he styled as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a), in his closed *habeas corpus* action assigned to Judge Louis L. Stanton, *Fleming v. Attorney General of the State of New York*, No. 20-CV-6026 (S.D.N.Y. Nov. 25, 2020). By order dated December 23, 2020, Judge Stanton construed Petitioner's application as a petition for a writ of *habeas corpus* under § 2254, and directed the Clerk of Court to open the petition as a new civil action under a new docket number. In the order, Judge Stanton noted that, because Petitioner is in custody pursuant to a state-court judgment, § 3582(c)(1)(a) did not apply to him, and because his action under that docket number was closed, Petitioner could not seek further relief in that action. (ECF 2.)

[2] Petitioner also has a pending § 2254 petition challenging his 2013 Bronx County murder convictions. *See Fleming v. Noeth*, ECF 1:17-CV-9104, 60 (LGS) (DCF) (S.D.N.Y.).

9.) On May 20, 2021, the Court received Petitioner's declaration. For the reasons set forth below, the Court dismisses the petition without prejudice for failure to exhaust his state remedies.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The Court has reviewed Petitioner's 31-page handwritten submission and is unable to discern any factual allegations suggesting that Petitioner has exhausted his state remedies. Petitioner includes pages of confusing allegations attacking his underlying conviction and describing his various state court proceedings between 2008 and 2017. It is unclear whether Petitioner is attempting to show that he has exhausted his state remedies with respect to his underlying conviction. In any event, the Court's April 19, 2021 order directed Petitioner to demonstrate that he had exhausted his remedies with respect to his COVID-related claims by

raising them in a collateral post-conviction motion, such as a motion under N.Y. Crim. P.L. § 440.10 or a petition for a writ of *habeas corpus* filed with the state trial court or the Appellate Division. (*See* ECF 9, at 4.)

Petitioner also appears to suggest that exhaustion may not be required because he seeks relief under the compassionate relief statute. (*See* ECF 11, at 5-6.) But as Judge Stanton has already noted, because Petitioner is in custody pursuant to a state court judgment, the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(a), is inapplicable to him. (*See* ECF 2, at 1.)

Finally, Petitioner attaches to his declaration a handwritten document captioned for the Supreme Court of the State of New York, Bronx County, which he labels as a "motion seeking appellant's release pending appeal due to Covid-19 concerns, pursuant to N.Y. CPL §§ 460.50, 510.30." (ECF 11, at 14.) In the motion, which is dated May 3, 2021, Petitioner seeks "a stay or suspension of judgement pending Appeal [a]nd [a] release on his own recognizance due to the COVID-19 pandemic." (*Id.*) But Petitioner alleges no facts suggesting that he has submitted the motion to the state court, that the New York State Supreme Court has denied the motion, or that he has fully exhausted his remedies by seeking leave to appeal to the Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Petitioner has failed to show cause why the Court should not deny the petition for failure to exhaust state remedies. The Court therefore denies the petition as premature. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge